**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Factory Mutual Insurance Company,<br><br>            Plaintiff,<br><br>vs.<br><br>Discount Waste Services, LLC; Muebleria Del Sol, Inc.,<br><br>            Defendants. | No. CV-13-00837-PHX-NVW<br><br>**ORDER** |

Before the Court are Defendant Discount Waste Services, LLC's Motion to Dismiss Amended Complaint for Failure to State a Claim Upon Which Relief Can Be Granted ("Motion") (Doc. 22), the Response, and the Reply. Defendant's Motion will be denied.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Factory Mutual Insurance Company ("Plaintiff") alleges as follows in its First Amendment Complaint for Damages and Jury Demand ("Amended Complaint") (Doc. 20). Defendant Discount Waste Services, LLC ("DWS") operates a waste management company offering waste removal and recycling services in the Phoenix, Arizona area. (Doc. 20 ¶ 8.) On April 26, 2011, a DWS agent or employee driving a DWS truck collected paper-based material from Defendant Muebleria Del Sol, Inc.'s ("Del Sol") facility at Del Sol's request. (*Id.* ¶ 10.) DWS then dumped the paper-based material at the east end of the Phoenix recycling facility operated by Bio-Pappel

International, Inc. ("Bio-Pappel").  (*Id.*)  Immediately thereafter, a fire was observed at the east end of the Bio-Pappel facility, "in the exact area where the [m]aterial was dumped."  (*Id.*)  The fire then spread, causing damage, and Plaintiff paid Bio-Pappel over $750,000 pursuant to an insurance policy for the type of losses caused by the fire.  (*Id.* ¶¶ 10-11.)

According to Plaintiff's Amended Complaint, "[a]part from the [m]aterial [from Del Sol that was dumped by DWS] and the DWS truck and driver, there was no other person, equipment or item in the area where the [f]ire originated which could have caused or ignited a fire."  (*Id.* ¶ 10.)  Further, "the [f]ire occurred either because the [m]aterial was already smouldering and/or on fire when DWS collected the [m]aterial from Del Sol and dumped it at the [Bio-Pappel facility], or because sparks were generated when the DWS truck driver dragged the hatch and/or back of his truck on the pavement of the [Bio-Pappel facility] in an attempt to dislodge the [m]aterial from his truck, which ignited the [m]aterial."  (*Id.*)  Plaintiff alleges, among other duties, a duty by DWS not to dump smouldering, burning, or otherwise hazardous material at Bio-Pappel's facility, and a duty on Del Sol's part not to allow such hazardous material to be removed from its property and dumped at Bio-Pappel's facility.  (*Id.* ¶ 13.)  The Amended Complaint likewise alleges breaches of Defendants' duties and damages proximately resulting from those breaches of duty.  (*Id.* ¶ 15.)

## II.   LEGAL STANDARD

The Federal Rules of Civil Procedure set forth a standard of "notice pleading." *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009).  To state a claim for relief under Rule 8, a plaintiff must make "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citations omitted).  This "short and plain statement" must also be "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662,

678 (2009). A claim is plausible if it contains sufficient factual matter to permit a reasonable inference that the defendant is liable for the conduct alleged; "[t]he plausibility standard is not akin to a 'probability requirement.'" *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

A proper complaint must at least "allege sufficient facts to state the elements of [the relevant] claim," *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1122 (9th Cir. 2008), but it need not contain detailed factual allegations. *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008). All of the plaintiff's plausible factual allegations are accepted as true and the pleadings are construed in a light most favorable to the plaintiff. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009) (citation omitted).

## III.   ANALYSIS

To state a claim for negligence under Arizona law, a plaintiff must allege facts supporting: (1) a duty on the part of the defendant to conform to a particular standard of care; (2) a breach of that duty by the defendant; (3) that the breach caused the resulting injury; and (4) actual damages. *Gipson v. Kasey*, 214 Ariz. 141, 143, 150 P.3d 228, 230 (2007). Plaintiff has sufficiently alleged a factual basis for each of these elements of a negligence claim. First, Plaintiff alleges that Del Sol should have refrained from sending hazardous materials to the Bio-Pappel facility, and that DWS should have refrained from dumping such materials at Bio-Pappel, as both knew or should have known of the unreasonable risk of fire attributable to the dumping of smouldering, burning, or otherwise hazardous materials. (Doc. 20 ¶ 13.) Plaintiff further alleges breaches of duty, including the failure to inspect and the dumping of material that was allegedly burning or otherwise hazardous. (*Id.*) And Plaintiff contends that those alleged breaches of duty caused a fire at the Bio-Pappel facility, for which Plaintiff had to pay over $75,000 as

Bio-Pappel's insurance provider.  Importantly, the Amended Complaint specifies that, save DWS' and Del Sol's agents and their property, there was nobody and nothing near where the fire began that could have caused a fire.  (*Id.* ¶ 10.)

DWS' objections to Plaintiff's complaint do not merit dismissal of the Amended Complaint.  Plaintiffs often make allegations in pleadings based on what they are "informed and believe"—they have no discovery based upon which to provide more definite information.  Further, under Federal Rule of Civil Procedure 8(d), plaintiffs are permitted to plead inconsistent legal theories and factual allegations.  *See* Fed. R. Civ. P. 8(d); *see also Citizens & S. Nat'l Bank v. Am. Sur. Co.*, 347 F.2d 18, 23 (5th Cir. 1965) ("[T]he Federal Rules of Civil Procedure do not require consistency of pleadings."); *Gross v. Met. Life. Ins. Co., N.Y., N.Y*, No. 12-CV-2478H(JMA), 2013 WL 1628138, at *3 n.1 (S.D. Cal. Apr. 12, 2013).  Even if Plaintiff has posited conflicting allegations, "inconsistent allegations are simply not a basis for striking the pleading." *PAE Gov't Servs., Inc. v. MPRI, Inc.*, 514 F.3d 856, 860 (9th Cir. 2007).  Plaintiff has pled what is in its knowledge at this early stage of litigation, and in doing so has provided "more than a sheer possibility" of negligence on Defendant's part.  *Iqbal*, 556 U.S. at 678.  Plaintiff has proffered a plausible claim to relief and has sufficiently notified DWS and Del Sol of the claims against them and the bases for those claims.  Perhaps Plaintiff will be wholly unable to prove its case.  That, however, is a concern for another day.  The Amended Complaint satisfies the pleading standard under the Federal Rules of Civil Procedure, and Defendant's Motion to Dismiss will be denied.

**IT IS THEREFORE ORDERED** denying Defendant Discount Waste Services, LLC's Motion to Dismiss Amended Complaint for Failure to State a Claim Upon Which Relief Can Be Granted (Doc. 22).

Dated this 2nd day of August, 2013.

_____
Neil V. Wake
United States District Judge